IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01859-BNB

WILLIAM R. CARMICHAEL,

Applicant,

v.

RON WAGER, Acting Warden, FCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 3 1 2008

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

I. Background

Applicant William R. Carmichael is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Carmichael initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his 2004 State of Colorado conviction.

In an order filed on September 10, 2008, the Court directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On September 29, 2008, Respondents filed their Pre-Answer. Mr. Carmichael filed a Reply to the Pre-Answer on November 20, 2008.

In the Application, Mr. Carmichael asserts that he pled guilty to contributing to the delinquency of a minor and attempted sexual assault on a child by one in a position of trust and was sentenced, on February 27, 2004, to a total of nine years of incarceration in Case No. 03CR696 in the Denver County District Court of Colorado. (Application at 1-2.) He further asserts that he did not file a direct appeal but filed a Colo. R. Crim. P. 35(a), (b), and (c) postconviction motion on June 28, 2004, and a second Rule 35(b) postconviction motion on November 15, 2007. (Application at 4.) Mr. Carmichael further states that the June 28, 2004, postconviction motion was disposed of on October 15, 2004, by the trial court, and the second postconviction motion was disposed of by the trial court on March 14, 2008. (Application at 4.) Applicant further asserts that the state court of appeals denied his first postconviction motion on March 8, 2007, and the Colorado Supreme Court denied his petition for writ of certiorari on July 5, 2007, in the first motion. (Application at 4.)

Mr. Carmichael has raised three claims in the instant action. In Claim One, he asserts that his guilty plea was involuntary and unlawfully induced. (Application at 5.) Applicant concedes that this claim has not been exhausted because all deadlines for filing a state postconviction motion had passed when he became aware of the claim. (Application at 5.)

In Claim Two, Mr. Carmichael asserts an *Apprendi/Blakely* claim, and in Claim Three, he asserts an ineffective assistance of counsel claim.

II. Analysis

The Court must construe liberally Mr. Carmichael's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

2

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

### A. 28 U.S.C. § 2244(d) Time-Bar

Respondents concede that Mr. Carmichael's Application appears to be timely under 28 U.S.C. § 2244(d). The Court agrees with Respondents that the Application is timely but for the following reasons. Mr. Carmichael was sentenced on February 27, 2004. (Pre-Answer at App. A.) He did not file a direct appeal so his conviction became final on April 12, 2004, forty-five days after his sentencing. Colo. App. R. 4(b). Under 28 U.S.C. § 2244(d), the one-year limitation period began to run on April 13, 2004, but was tolled from June 28, 2004, until July 2, 2007, the time his first postconviction motion was pending in state court, (Pre-Answer at App. A and P), from November 19, 2007, until March 12, 2008, (Pre-Answer at App. A), the time his Rule 35(b) motion for sentence reconsideration was pending in state trial court, and from June 2, 2008, until July 19, 2008, (Pre-Answer at App. A.), the time his third postconviction motion, a Rule 35(c) motion, was pending in trial court and the time he was able to file an appeal of the denial of the motion, even though he failed to do so. A total of 328 days was not tolled under § 2244(d). The Application, therefore, is timely.

### B. State-Court Exhaustion

Respondents argue that Mr. Carmichael has exhausted his state court remedies in Claim Two, but he has failed to exhaust his state court remedies in both Claims One and Three. Respondents assert that Applicant failed to present Claim One to any state

3

court, as the claim was not the subject of either of his state postconviction proceedings. (Pre-Answer at 7-8.) As for Claim Three, Respondents argue that Mr. Carmichael raised this claim in his June 2008 postconviction motion in the state trial court, but he did not appeal the trial court's denial of the motion. (Pre-Answer at 8.)

Respondents, nonetheless, contend that both Claims One and Three are procedurally defaulted. They assert that Applicant, in Claim One, fails to demonstrate his untimeliness in filing a state postconviction motion would be excused under Colo. Rev. Stat. § 16-5-402(2)(d). Respondents argue that the two allegations that underlie Claim One, inadequate time to review the terms of his plea agreement and the issuance of *Blakely* by the United States Supreme Court, occurred prior to the expiration of the time during which he was required to file a collateral attack on his conviction. (Pre-Answer at 11.)

Respondents further assert that in claim Three the time to appeal the state trial court's June 4, 2008, order denying Applicant's postconviction motion, in which he raised an ineffective assistance of counsel claim, has expired. (Pre-Answer at 11.) Respondents conclude that any attempt to reassert the claim would be time-barred and successive. (Pre-Answer at 11.)

In his Reply, Mr. Carmichael agrees that he has no state court remedies available to him with respect to Claim One. (Reply at 2.) He contends, however, that Claim One still is "patent" because the facts supporting the claim fundamentally are at odds with the Fifth and Fourteenth Amendments and by the time he became aware of the claim, through diligent research, all avenues to address the issues were closed. (Reply at 3.) Applicant further contends that not until he undertook his own legal

defense could he have discovered the facts supporting his claim, and, therefore, there is reason to allow for justifiable excuse or excusable neglect. (Reply at 3.)

As for Claim Three, Mr. Carmichael argues that "federal courts generally consider remedies exhausted when they have been 'fairly presented' one time to the state courts." (Reply at 3.) He further contends that because the state trial court only took forty-eight hours or less to deny his Rule 35(c) postconviction motion, in which he presented Claim Three, the dismissal is suspect and is sufficient cause for his foregoing an appeal of Claim Three in state court. (Reply at 4.)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S.

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground,

6

unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." ***Cummings v. Sirmons***, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Carmichael's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See **Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. ***Jackson v. Shanks***, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." ***Murray v. Carrier***, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See **Bousley v. United States***, 523 U.S. 614, 622 (1998).

The time limitation established by § 16-5-402 is a firmly established and regularly followed procedural rule. *See **Klein v. Neal***, 45 F.3d 1395, 1398 (10th Cir. 1995). Section 16-5-402 provides that a defendant who has been convicted of any felony, other than a class one felony, must commence a collateral attack of the conviction within three years of the date of the conviction. As for a successive postconviction motion, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).

### 1. Claim One/Involuntary Plea

Mr. Carmichael pled guilty to one count of sexual assault, a class five felony, and to one count of contributing to a delinquency of a minor, a class four felony. He, therefore, is required under § 16-5-402 to file any collateral attack within three years of the date of his conviction. Mr. Carmichael was sentenced on February 27, 2004. For purposes of § 16-5-402, his conviction became final on February 27, 2004, because he did not file a direct appeal. He should have filed a postconviction motion by February 27, 2007, and now is precluded from filing a collateral attack. The preclusion, however, may be subject to exceptions. *See* § 16-5-402(2); *see also* Colo. R. Crim. P. 35(c)(3)(I).

As stated above, Mr. Carmichael attempts to assert cause and prejudice for procedurally defaulting Claim One by stating that his failure to file a timely postconviction motion was due to justifiable excuse and excusable neglect. Applicant contends that he was not able to discover the facts supporting his claim until March 2008, when he began to represent himself. Mr. Carmichael concludes this is sufficient basis to find cause for procedurally defaulting his involuntary plea claim.

The facts that pertain to Mr. Carmichael's involuntary plea claim took place prior to February 27, 2007, when the time ran for him to file a postconviction motion. As early as June 2004, Applicant was aware of the possibility of challenging the voluntariness of his plea with respect to any aggravating factors that were considered by the trial court in his sentencing. (Pre-Answer at App. at 6.) Furthermore, Applicant's claim that he did not have time to properly review and understand his plea agreement is not a fact that he discovered in March 2008, but is an alleged fact that

8

took place on October 2, 2003, when he asserts that he signed his plea agreement in the hallway of the courthouse twenty minute prior to his hearing. (Application at 5.) The Court finds no justifiable excuse or excusable neglect for Mr. Carmichael's failure to file a postconviction regarding the voluntariness of his plea prior to February 27, 2007.

Mr. Carmichael has failed to present any evidence of cause and prejudice or of a fundamental miscarriage of justice with respect to Claim One. Therefore, the Court finds that Claim One is procedurally barred and must be dismissed.

### 2. Claim Three/Ineffective Assistance of Counsel

With respect to Claim Three, Mr. Carmichael's exhaustion argument and his cause and prejudice argument lack merit. It is obvious that Claim Three would be procedurally barred in state court, either as time-barred or successive. Therefore, the claim is held procedurally barred from habeas review. ***Steele***, 11 F.3d at 1524; ***Harris***, 489 U.S. at 269-70.

Mr. Carmichael is incorrect in arguing that he only is required to present a federal claim "one time" to a state court. (Reply at 3.) As stated above, a federal issue must be presented properly to the highest state court, either by direct review of the conviction or in a postconviction attack. Mr. Carmichael only presented his ineffective assistance of counsel to the state trial court.

As for Applicant's assertion that because the trial court took only forty-eight hours to deny his postconviction motion and the trial court's denial is suspect, the Court finds no basis for cause and prejudice or fundamental miscarriage of justice.

Therefore, the Court finds that Claim Three is procedurally barred and must be dismissed.

III. Conclusion

Based on the above findings, Claims One and Three will be dismissed as procedurally barred. Claim Two will be drawn to a district judge and to a magistrate judge for further review of the merits. Accordingly, it is

ORDERED that Claims One and Three are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claim Two and the action shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 30 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01859-BNB

William R. Carmichael
Reg No. 121083
Arrowhead Correctional Center/CMC
P.O. Box 300
Unit B
Cañon City, CO 81215-0300

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/31/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk