**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-01859-REB

WILLIAM R. CARMICHAEL,

    Applicant,

v.

RON WAGER, Acting Warden, FCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS**

**Blackburn, J.**

    This matter is before this court on Applicant William R. Carmichael's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") (Docket No. 2). Respondents answered the Application (Docket No. 20), and Applicant filed a traverse (Docket No. 27). As Applicant is proceeding *pro se,* I must construe his pleadings liberally and hold him to a "less stringent standard." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)). After reviewing the pertinent portions of the record in this case, including the Application, the answer, the traverse, and the state court appellate record, the court concludes that the Application should be denied. Additionally, having discharged the duties assigned under Rule 8(a) of the Rules governing Section 2254 Cases in the United States District Courts, the court determines that an evidentiary hearing is not

1

warranted.

I.  Background

Applicant was charged with sexual assault on a child by one in a position of trust, sexual assault, and contributing to the delinquency of a minor. Pursuant to a plea agreement, he pled guilty to attempted sexual assault on a child by one in a position of trust, a class 5 felony, and contributing to the delinquency of a minor, a class 4 felony. On February 27, 2004, Applicant was sentenced to concurrent prison sentences of six and nine years in the Colorado Department of Corrections ("DOC").

Applicant did not directly appeal his conviction or sentence to the Colorado Court of Appeals ("CCA"). Instead, on June 8, 2004, Applicant filed a post-conviction motion through counsel alleging that his sentence violated the principles set forth in *Blakely v. Washington*, 542 U.S. 296 (2004). After holding a hearing on the motion, on October 15, 2004, the trial court reduced Applicant's concurrent sentences to three and six years. The prosecution filed a timely notice of appeal. On January 18, 2007, the CCA reversed the trial court's order, holding that *Blakely* could not be applied retroactively to Applicant's sentence. *See People v. Carmichael*, No. 04CA2480 (Colo. App. Jan. 18, 2007) (unpublished decision) (Answer at Ex. L). Applicant filed a petition for certiorari review with the Colorado Supreme Court (CSC), which was denied on July 2, 2007. *See* Answer at Ex. P.

On August 20, 2008, Applicant filed an application for a writ of habeas corpus in this court, asserting three claims for relief. On September 10, 2008, Magistrate Judge Boyd N. Boland ordered the Respondents to file a pre-answer response limited to addressing the issues of timeliness and/or exhaustion of state court remedies.

Respondents filed their pre-answer response on September 29, 2009. Respondents asserted that Applicant had failed to exhaust several of his claims in the state court and that these claims were procedurally defaulted. After receiving two extensions of time, Applicant filed a reply on November 20, 2008.

On December 30, 2008, Senior District Judge Weinshienk entered an order dismissing Applicant's first and third claims as procedurally defaulted. Nonetheless, finding that Applicant's second claim had been exhausted in the state courts, she ordered the claim drawn to a district judge and to a magistrate judge.

II. Legal Standard

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 it must decide whether the Applicant is in custody in violation of the Constitution or laws or treaties of the United States. The court does not review a judgment, but the lawfulness of the Applicant's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted). The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Applicant's case, habeas review in this Court is concerned with the proceeding in the Colorado Court of Appeals,

3

which was the final substantive proceeding in the state appellate review process.

As Applicant filed his Petition after April 24, 1996, which is the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs the Court's review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n. 1 (10th Cir.1999)). Under the AEDPA, a district court may only consider a habeas petition when the Applicant argues that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The grounds for granting a writ of habeas corpus are very limited: "a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Id.* § 2254(d)(1)-(2); *see also Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000) (citation omitted).

A state court decision is "contrary to" clearly established federal law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a different result from [Supreme Court] precedent.'" *Price v. Vincent,* 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000)). A state court decision involves an "unreasonable application" of clearly established federal law when "'the state court identifies the correct governing

4

legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the Applicant's case.'" *Lockyer v. Andrade,* 538 U.S. 63, 75 (2005) (quoting *Williams,* 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous . . . . The state court's application of clearly established law must be objectively unreasonable." *Id.* (citing *Williams,* 529 U.S. at 409-10, 412). A "'federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" *Id.* (quoting *Williams,* 529 U.S. at 411). Finally, when analyzing a habeas petition, all determinations of factual issues by the state court are presumed to be correct, and the Applicant has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[W]hether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

III.  Discussion

As a preliminary matter, Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), nor do they assert that Applicant failed to exhaust his state court remedies pursuant to 28 U.S.C. § 2254(b). Accordingly, the Court will address the merits of Applicant's single remaining claim. In this claim, Applicant asserts that his sentence is unconstitutional under the standards set forth by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). Application at 6.

5

First, the court notes that the applicability and continued vitality of Supreme Court precedent is a pure question of law. *See, e.g., United States v. Barbosa*, 271 F.3d 438, 452 (3rd Cir. 2001); *United States v. Rogers*, 228 F.3d 1318, 1321 (11th Cir. 2000), *abrogated on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001). As such, relief may be granted in this case only if the adjudication of Applicant's claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). Because the claim asserted by Applicant is purely a question of law, there is no basis for analysis of whether the state court's decision was an unreasonable determination of the facts in light of the evidence presented pursuant to 28 U.S.C. § 2254(d)(2).

Second, as found by the CCA during post-conviction review, Applicant's claim can be reviewed only under *Apprendi*, because *Blakely* is not retroactive to convictions that became final before *Blakely* was announced. *See United States v. Price*, 400 F.3d 844, 848-49 (10th Cir. 2005). A conviction becomes final when the availability of a direct appeal has been exhausted. *Id.* at 846. Because Applicant did not file a direct appeal, his conviction became final on April 12, 2004, forty-five days after he was sentenced. *See* §18-1-409(2), C.R.S.; Colo. App. R. 4(b). *Blakely* was decided on June 24, 2004. Therefore, Applicant's reliance on *Blakely* is misplaced and affords him no legal basis for relief. *Price*, 400 F.3d at 846. The post-conviction decision of the Colorado Court of Appeals, which reached the same conclusion, was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.

6

After concluding correctly that *Blakely* was not applicable to Applicant's sentence, the CCA further concluded that Applicant "did not challenge his sentence under *Apprendi*," and declined to address his sentencing claim on the merits. Answer at Ex. L, p. 7. Nonetheless, to the extent that Applicant asserts an *Apprendi* claim here, this court also finds that this claim lacks merit.[1]

Because *Blakely* may not be retroactively applied on habeas review, *see Price*, 400 F.3d at 849, in analyzing Applicant's sentence in this case, the Court "must focus on the state of federal law as of the date that the Supreme Court announced its decision in *Apprendi*." *Gonzales v. Tafoya*, 515 F.3d 1097, 1110 (10th Cir. 2008). The primary holding of *Apprendi* was that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis provided). The Tenth Circuit has held that "[p]rior to the issuance of *Blakely*, the federal circuits unanimously believed that the 'statutory maximum' was the greatest sentence permitted by *statute of conviction*, irrespective of what fact-finding the court conducted to impose that sentence." *Allen v. Reed*, 427 F.3d 767, 775 (10th Cir. 2005) (emphasis in original) (citing *Price*, 400 F.3d at 847 (collecting cases)). Therefore, under *Allen*, sentencing courts in Colorado post-*Apprendi* and pre-*Blakely*, could constitutionally make findings resulting in a sentence beyond the presumptive range "so

---

[1]Whether or not Applicant has exhausted his *Apprendi* claim, this court may still deny habeas relief based on the claim's lack of merit. *See* 28 U.S.C. § 2254(b)(2) (permitting federal court to deny habeas relief, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *see also Patton v. Mullin*, 425 F.3d 788, 810 (10th Cir. 2005) (allowing review of claim on merits, in spite of possibility of procedural bar, in interest of judicial economy).

7

long as the sentence ultimately imposed was within the maximum range of the statute of conviction." *Id.* (citation omitted).

In this case, Applicant pled guilty to the class 5 felony of attempted sexual assault on a child by one in a position of trust, punishable by a presumptive range of one to three years imprisonment, and the class 4 felony of contributing to the delinquency of a minor, punishable by a presumptive range of two to six years imprisonment. *See* §18-3-405.3(1) & §18-6-701, C.R.S. In addition, pursuant to §18-1.3-401(6), C.R.S., a court may increase the sentence to a term not greater than twice the maximum of the presumptive range (here six years) on a finding of extraordinary aggravating circumstances. Under the total applicable statutory provisions in this regard, Applicant was subject to a sentencing range of four to twelve years. *See* §8-3-405.3(1) & 18-6-701,C.R.S. Applicant's concurrent sentences of six and nine years fall below the statutory maximum to which Applicant was exposed. Because Applicant's sentence is within the maximum range of the statute of conviction, *i.e.*, the maximum range after a finding of aggravating circumstances, *Apprendi* is inapplicable to this case. Therefore, Applicant is not entitled to federal habeas relief.

IV. Orders

**THEREFORE, IT IS ORDERED** as follows:

1. That Applicant William R. Carmichael's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application") (Docket No. 2) is denied;

2. That under 28 U.S.C. § 2253(c)(2) and Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, no certificate of appealability shall issue because Applicant has not made a substantial showing

of the denial of a constitutional right; and

3. That this case is dismissed with prejudice.

Dated: April 29, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge